**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN F. HURLEY**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| M.M., | ) |
| | ) |
| Appellant-Respondent, | ) |
| | ) |
| vs. | )    No. 49A05-1203-JV-102 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Petitioner. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn A. Moores, Judge
The Honorable Scott B. Stowers, Magistrate
Cause No. 49D09-1110-JD-2763

**September 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Respondent M.M. appeals from the finding that she committed what would have been Class A misdemeanor marijuana possession[1] if committed by an adult. M.M. contends that the juvenile court abused its discretion in admitting certain evidence at her delinquency hearing. We affirm.

## FACTS AND PROCEDURAL HISTORY

At approximately 3:15 p.m. on October 18, 2011, Indianapolis Metropolitan Police Officer Christopher Mills was dispatched to the area of 700 North Grant Avenue on a report of several persons in a vehicle possibly smoking narcotics. Officer Mills located the vehicle described in the dispatch, which was parked on the curb facing South, and parked in front of the vehicle but "offset" to the East, facing North. Tr. p. 32. Officer Edward Fiscus also arrived in his car, also parking in front of, but offset to, the vehicle. Neither Officer Mills nor Officer Fiscus had activated his lights or siren, and their cars were not blocking the vehicle's path.

Officers Mills and Fiscus approached the vehicle on foot, Officer Mills on the driver's side and Officer Fiscus on the passenger's. Officer Mills had not drawn his weapon, and there is no indication that Officer Fiscus had, either. Five individuals were seated in the vehicle, two black males in the front, and, in the back, A.D. behind the driver, M.M. in the middle, and T.L. behind the front passenger. Officer Mills detected the odor of burnt marijuana as he approached the vehicle. Officer Mills "asked if there was any marijuana inside the vehicle." Tr. p. 11. T.L. responded that he had marijuana, so Officer Mills walked around the vehicle, removed T.L., obtained the marijuana that

---

[1] Ind. Code § 35-48-4-11 (2011).

T.L. produced, handcuffed him, and sat him on the curb. A.D. then said that she too had marijuana, reached under the seat, and handed some marijuana to officer Mills. As A.D. did so, M.M. stated that the marijuana was hers also and that she and A.D. had purchased it together. A.D. and M.M. were asked to step from the vehicle and were then handcuffed and arrested for marijuana possession. A female police officer was summoned to search A.D. and M.M. and found a small bag of marijuana in M.M.'s brassiere.

On October 18, 2011, M.M. was alleged to be a delinquent child for committing what would be Class A misdemeanor marijuana possession if committed by an adult. On January 12, 2012, after a hearing, the juvenile court entered a true finding. On February 8, 2012, the juvenile court placed M.M. on probation until August 8, 2012, and ordered her to complete thirty hours of community service.

**DISCUSSION AND DECISION**

**Whether the Juvenile Court Abused its Discretion in Admitting Certain Evidence**

M.M. frames her appeal as a challenge to the denial of motions to suppress evidence. As M.M. herself notes, however, because a hearing has been held, the issue is more appropriately addressed as a challenge to the admission of evidence. We will reverse a juvenile court's ruling on the admissibility of evidence only when it abused its discretion. *Kelley v. State*, 825 N.E.2d 420, 424 (Ind. Ct. App. 2005). An abuse of discretion may occur if a decision is clearly against the logic and effect of the facts and circumstances before the court. *Id*. Regarding the "abuse of discretion" standard generally, the Indiana Supreme Court has observed, "to the extent a ruling is based on an

3

error of law or is not supported by the evidence it is reversible, and the [juvenile] court has no discretion to reach the wrong result." *Pruitt v. State*, 834 N.E.2d 90, 104 (Ind. 2005).

M.M. contends that that her statements to Officer Mills should not have been admitted because police had not advised her of her rights, provided her with an opportunity for meaningful consultation, or obtained a waiver of rights. M.M. additionally contends that the marijuana found in her brassiere should not have been admitted because it was only found because of her statements.

Indiana Code section 31-32-5-1 provides that

Any rights guaranteed to a child under the Constitution of the United States, the Constitution of the State of Indiana, or any other law may be waived only:
    (1) by counsel retained or appointed to represent the child if the child knowingly and voluntarily joins with the waiver;
    (2) by the child's custodial parent, guardian, custodian, or guardian ad litem if:
        (A) that person knowingly and voluntarily waives the right;
        (B) that person has no interest adverse to the child;
        (C) meaningful consultation has occurred between that person and the child; and
        (D) the child knowingly and voluntarily joins with the waiver; or
    (3) by the child, without the presence of a custodial parent, guardian, or guardian ad litem, if:
        (A) the child knowingly and voluntarily consents to the waiver; and
        (B) the child has been emancipated under IC 31-34-20-6 or IC 31-37-19-27, by virtue of having married, or in accordance with the laws of another state or jurisdiction.

"However, as a general rule, when a juvenile who is not in custody gives a statement to police, neither the safeguards of *Miranda* warnings nor the juvenile waiver statute is implicated." *S.D. v. State*, 937 N.E.2d 425, 430 (Ind. Ct. App. 2010), *trans.*

4

*denied*. Consequently, if M.M. was not in custody when she made her incriminating statements, her arguments regarding the juvenile waiver statute are fatally undercut.

> For an interrogation to be custodial in nature, one does not necessarily have to be under arrest. *C.L.M. v. State*, 874 N.E.2d 386, 390 (Ind. Ct. App. 2007). To be custodial in the non-arrest context, the interrogation must commence after the person's freedom of action has been deprived in any significant way. *Id*.; *see also Luna v. State*, 788 N.E.2d 832, 833 (Ind. 2003) ("When determining whether a person was in custody or deprived of his freedom, the ultimate inquiry is simply whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." (quotations omitted)). This is determined by examining whether a reasonable person in similar circumstances would believe he is not free to leave. *Luna*, 788 N.E.2d at 833.

*Id*.

M.M. has failed to establish that she was in custody when Officer Mills asked if there was any marijuana in the vehicle. At a little after three in the afternoon, two officers, neither of whom had driven to the scene with lights or siren on, approached the vehicle in which M.M. sat. The vehicle was not blocked in and neither officer apparently had drawn a weapon. Upon detecting the odor of burnt marijuana, Officer Mills asked if there was any marijuana in the car. There is no indication that at any point either officer said or otherwise indicated that response to the question was mandatory or that the vehicle's occupants were not free to go about their business. The Indiana Supreme Court has held that "a police officer who neither explicitly nor implicitly communicates that a person is not free to go about his or her business may ask questions of the person to investigate allegations of criminal activity without implicating the Fourth Amendment[.]" *Clarke v. State*, 868 N.E.2d 1114, 1116 (Ind. 2007).

*Clarke*, in fact, is a case in which what can only be described as more coercive

police behavior was nonetheless held not to result in custody. In *Clarke*, an Indianapolis police officer responded to a report of drugs being sold out of a car, arriving at the scene with her lights activated and her spotlight trained upon the two individuals inside the car in question. *Id*. The officer obtained information from Clarke and the passenger, checked both occupants for warrants, and returned the information. *Id*. at 1117. The officer asked if there was anything illegal in the car, and Clarke replied that there was not. *Id*. The officer asked Clarke 'if he cared if [she] searched his car,' and Clarke responded, 'I don't have anything in the car.'" *Id*. "According to [the officer], she then asked Clarke 'Do you mind if I search it?' and Clarke responded, 'No,' and 'voluntarily opened his door and got out of the car on his own.'" *Id*. As the search was conducted, Clarke and the passenger were watched by another police officer on the sidewalk. *Id*.

The Indiana Supreme Court held that Clarke and the passenger were not in custody for purposes of the Fourth Amendment or Article I, section 11 of the Indiana Constitution. *Id*. at 1119, 1120-21. In so doing, the *Clarke* Court noted that "[t]here is no evidence that [the officer] conveyed [the] message [that compliance with her requests was required]" and that "[h]er mere presence as a uniformed law enforcement officer does not convert her questions into commands." *Id*. at 1119 (citing *Fla. v. Bostick*, 501 U.S. 429, 434-35 (1991)). Here, in addition to neither officer indicating that responding to Officer Hill's question was mandatory, the question was only asked once and neither officer had activated his lights or spotlight. As in *Clarke*, the mere presence of Officers Hill and Fiscus as uniformed officers did not convert Officer Hill's question into a command. M.M. has failed to establish that she was in custody, and the juvenile waiver

6

statute is therefore not implicated. Consequently, M.M. has failed to establish that the trial court abused its discretion in admitting her statements and the marijuana found on her person.

We affirm the judgment of the juvenile court.

ROBB, C.J., and BAKER, J., concur.